Kristin A. Zilberstein, Esq. (200041)
L. Bryant Jaquez, Esq. (252125)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Telephone: (949) 427-2010
Facsimile No.: (949) 427-2732
Email: bjaquez@ghidottiberger.com

Attorneys for Movant
U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE LODGE SERIES III TRUST, its successors and assigns

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| In Re:<br><br>Maria Trinidad Ojeda<br><br>    Debtor. | CASE NO.: 20-10029<br><br>DCN: GB-1<br><br>CHAPTER 13<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Honorable Rene Lastreto II |

**TO THE HONORABLE RENE LASTRETO II, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS AND COUNSEL OF RECORD, IF ANY, THE UNITED STATES TRUSTEE AND OTHER INTERESTED PARTIES**

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE LODGE SERIES III TRUST, its successors and/or assignees ("Movant") hereby applies ex parte ("Ex Parte Application") for an Order Shortening Time for Hearing on Motion for relief from stay

("Motion") which has been filed. This Ex Parte Application is made pursuant to Local Bankruptcy Rule 9014-1(f)(3).

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Rigoberto D. Ojeda and Maria T. Ojeda (collectively "Borrowers") executed and delivered to Countrywide Bank, FSB, a Note dated January 22, 2008, in the original principal amount of $221,300.00 (the "**Note**"). A true and correct copy of the Note is attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "2"**.

Concurrently therewith, and as security for the Note, Borrowers executed and delivered to Countrywide Bank, FSB, a Deed of Trust, dated January 22, 2008, which was recorded in the Official Records of Merced County, California as Document No. 2008-004615 on January 30, 2008 (the "**Deed of Trust**"), and which encumbers the Property. A true and correct copy of the Deed of Trust is attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "1"**.

Movant is the current owner of the Note and is in possession of the original Note. All beneficial interests in the Deed of Trust were assigned to Movant through various assignments. True and correct copies of the Assignments are attached collectively to the motion for relief that is the subject of this shorten time motion as **Exhibit "3"**.

Movant has not received a payment on the loan since 2012. This is the fourteenth (14th) Bankruptcy case involving the Property that has been filed by Borrowers and others since 2016.

The First Bankruptcy, Case Number 16-14036, was filed as a Chapter 13 by Debtor on or about November 7, 2016. The case was dismissed on or about January 28, 2017. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "4"** is a copy of the Order Dismissing Case.

The Second Bankruptcy, Case Number 17-10891, was filed as a Chapter 13 by Rigoberto D. Ojeda on or about March 14, 2017. The case was dismissed on or about April 3, 2017. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "5"** is a copy of the Order Dismissing Case.

The <u>Third</u> Bankruptcy, Case Number 17-12028, was filed as a Chapter 13 by Debtor on or about May 23, 2017. The case was dismissed on or about June 12, 2017. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "6"** is a copy of the Order Dismissing Case.

The <u>Fourth</u> Bankruptcy, Case Number 17-12638, was filed as a Chapter 13 by Rigoberto D. Ojeda on or about July 10, 2017. The case was dismissed on or about July 21, 2017. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "7"** is a copy of the Order Dismissing Case.

The <u>Fifth</u> Bankruptcy, Case Number 18-10180, was filed as a Chapter 13 by Mario Alberto Ojeda on or about January 23, 2018. The case was dismissed on or about February 5, 2018. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "8"** is a copy of the Order Dismissing Case.

The <u>Sixth</u> Bankruptcy, Case Number 18-11766, was filed as a Chapter 7 by Rigoberto D. Ojeda on or about May 1, 2018. The case was dismissed on or about May 21, 2018. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "9"** is a copy of the Order Dismissing Case.

The <u>Seventh</u> Bankruptcy, Case Number 18-12624, was filed as a Chapter 13 by Mario Alberto Ojeda on or about June 28, 2018. The case was dismissed on or about July 16, 2018. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "10"** is a copy of the Order Dismissing Case.

The <u>Eighth</u> Bankruptcy, Case Number 18-13761, was filed as a Chapter 7 by Debtor on or about September 17, 2018. The case was dismissed on or about October 5, 2018. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "11"** is a copy of the Order Dismissing Case.

The <u>Ninth</u> Bankruptcy, Case Number 18-14150, was filed as a Chapter 13 by Mario Alberto Ojeda on or about October 12, 2018. The case was dismissed on or about October 23, 2018. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "12"** is a copy of the Order Dismissing Case.

The <u>Tenth</u> Bankruptcy, Case Number 19-10665, was filed as a Chapter 13 by Rigoberto D. Ojeda on or about February 27, 2019. The case was dismissed on or about March 18, 2019. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "13"** is a copy of the Order Dismissing Case.

The <u>Eleventh</u> Bankruptcy, Case Number 19-13543, was filed as a Chapter 13 by Mario Alberto Ojeda on or about August 19, 2019. The case was dismissed on or about September 6, 2019. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "14"** is a copy of the Order Dismissing Case.

The <u>Twelfth</u> Bankruptcy, Case Number 19-13919, was filed as a Chapter 13 by Rigoberto D. Ojeda on or about September 16, 2019. The case was dismissed on or about September 27, 2019. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "15"** is a copy of the Order Dismissing Case.

The <u>Thirteenth</u> Bankruptcy, Case Number 19-14958, was filed as a Chapter 13 by Mario Alberto Ojeda on or about November 27, 2019. The Case was dismissed on or about December 16, 2019. Attached to the motion for relief that is the subject of this shorten time motion as **Exhibit "16"** is a copy of the Order Dismissing Case.

Within the Twelfth and Thirteenth Bankruptcy cases, Movant filed motions for relief from stay that were ultimately denied as moot due to the entry of dismissals of the cases prior to the hearings on the motions for relief. True and correct copies of the court's rulings denying the Movant's prior motions for relief as moot are attached hereto as **Exhibits A** and **B** respectively.

## ARGUMENT

Pursuant to Local Bankruptcy Rule 9014-1(f)(3), the Court may shorten time to hear a motion on fewer than fourteen (14) days notice in appropriate circumstances for good cause shown.

Here good cause exists to hear Movant's Motion on shortened notice. Movant has moved as expeditiously as possible to file its motion for relief in the instant action. The Debtor filed the instant petition on January 6, 2020 and Movant filed its motion for relief on January 8, 2020. However, despite the prompt filing, due to the Debtor's incomplete filing, the instant

petition is pending dismissal before the Movant's motion for relief can be heard on 14 days notice. The Movant has previously sought relief in two of the prior bankruptcy cases involving the Property. Unfortunatley, in both of those cases, the motions for relief were denied as moot due to the dismissals of the cases. Movant's instant motion now may befall the same end unless the matter is heard on shortened time before the case is dismissed.

The motion for relief, just like its predecessors, are based upon the abundant bad faith of the Debtor and her relatives in filing serial bankruptcy petitions since at least November of 2016. In that span, the Debtor, co-borrower, and another apparent family members have filed a total of 14 bankruptcy petitions, including the instant matter, all of which ended in dismissal. There can be no reason for these filings other than to delay foreclosure and forestall Movant's relief. Debtor's bad faith abuse of the Bankruptcy Code and this Court cannot be permitted. Relief from Stay should properly granted in these circumstances pursuant to 362(d)(4), which can be granted if the court finds that the filing of the debtor's petition was part of "a scheme to delay, hinder, and defraud creditors" that involved either: (1) transfer of all or part ownership of (or other interest in) the real property without the secured creditor's consent or court approval; or (2) multiple bankruptcy filings affecting such real property. 11 USC § 362(d)(4)(A) & (B); <u>In re First Yorkshire Holdings, Inc.</u> (9th Cir. BAP 2012) 470 BR 864, 870–871 (court must affirmatively find all elements are present before granting § 362(d)(4) relief).

## **CONCLUSION**

For the reasons set forth herein, Movant respectfully requests the Court grant this Ex Parte Application and set a hearing date on their Relief Motion on shortened time and prior to entry of any dismissal in the case.

Respectfully submitted,

GHIDOTTI BERGER, LLP

Dated: January 8, 2020      By:/s/ L. Bryant Jaquez
L. Bryant Jaquez, Esq.
Counsel for Movant